CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 17 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LBCMT 2007-SEMINOLE TRAIL, LLC, | Civil Action No. 3:12CV00025 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad |
| ERIC D. SHEPPARD, et al., | Chief United States District Judge |
| Defendants. | |

This case is presently before the court on defendant Eric D. Sheppard's motion to set aside default and extend the time to file a responsive pleading. For the reasons set forth below, the court will grant the defendant's motion.

### Background

On May 24, 2012, LBCMT 2007-Seminole Trail, LLC ("LBCMT") filed this diversity action against Sheppard and Philip Wolman, seeking to recover the balance of a loan that the defendants had guaranteed on behalf of Lehman Brothers Bank, FSB. Sheppard was served with process on June 16, 2012. After he failed to timely file a responsive pleading, LBCMT moved for entry of default. The Clerk entered default against Sheppard on July 18, 2012. On August 1, 2012, Sheppard moved to set aside the entry of default and extend the time in which to file a responsive pleading.

### Discussion

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). Because the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits," United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993), the Court has held

that Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (2010). When deciding whether to set aside an entry of default, the court considers the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

Applying the factors set forth in Payne, the court concludes that good cause exists to set aside the entry of default. As to the first factor, in order to establish a meritorious defense, "all that is necessary . . . is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). In this case, Sheppard has submitted an affidavit in which he asserts a number of affirmative defenses. At this early stage of the proceedings, the court is unable to conclude that he is incapable of mounting a legitimate defense to the plaintiff's claim. Given the Fourth Circuit's "strong preference" for disposing of claims and defenses on their merits, this factor weighs in favor of granting Sheppard's motion. See Colleton, 616 F.3d at 417.

As to the second factor, the determination of whether a party has taken reasonably prompt action to set aside an entry of default "must be gauged in light of the facts and circumstances of

2

each occasion." Moradi, 673 F.2d at 727. In the instant case, default was entered against Sheppard on July 18, 2012, the same day that his attorney was preparing to submit a request for extension of time to file a responsive pleading. Within two weeks of receiving notice of the entry of default, Sheppard filed the instant motion. Based on these facts, the court concludes that Sheppard acted with reasonable promptness and that the second factor weighs in favor of setting aside the entry of default.

While the third factor – the responsibility for the entry of default – appears to rest primarily with Sheppard and, thus, weighs against setting aside the entry of default, each of the remaining factors weighs in favor of granting Sheppard's motion. The plaintiff has not argued that it would be prejudiced by setting aside the entry of default, and the record does not suggest a risk of prejudice. Likewise, the record contains no evidence that Sheppard has engaged in other dilatory conduct. Finally, it has not been disputed that less drastic sanctions, such as awarding the plaintiff the costs it incurred in seeking default, could be available on the plaintiff's motion.

In sum, the majority of the factors used to assess a movant's "good cause" under Rule 55(c) weigh in favor of setting aside the entry of default. Accordingly, the court will grant Sheppard's motion.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 16th day of October, 2012.

/s/ Glen Conrad
Chief United States District Judge

3